**WESTERN CAPITAL DESIGN, LLC,
on its own behalf and on behalf of
those similarly situated, Plaintiff–Appellant,**

v.

**NEW YORK MERCANTILE
EXCHANGE, Defendant–
Appellee,**

**DOES 1–50, inclusive, Defendants.**

**Docket No. 01–7348.**

United States Court of Appeals,
Second Circuit.

Jan. 3, 2002.

Marc S. Koplik, New York, NY, for
Plaintiff–Appellant.

Martin I. Kaminsky, Pollack & Kaminsky, (Edward T. McDermott, W. Hans Kobelt, on the brief), New York, NY, for
Defendant–Appellee.

Present: FEINBERG, POOLER and
SOTOMAYOR, Circuit Judges.

SUMMARY ORDER

ON CONSIDERATION WHEREOF,
IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the
judgment of the District Court be and it
hereby is AFFIRMED.

Plaintiff Western Capital Design, LLC
("Western Capital") appeals from the February 22, 2001, judgment of the United

States District Court for the Southern District of New York (Alvin K. Hellerstein, Judge) dismissing its second amended complaint pursuant to Fed.R.Civ.P. 12(b)(6) for, among other things, its failure to adequately plead a cause of action under the Commodity Exchange Act ("CEA"), 7 U.S.C. § 25(b). In its complaint, plaintiff purports to represent a class of "persons and entities who traded options on the futures markets conducted by the New York Mercantile Exchange who were charged premiums in excess of the fair market value." Defendants are the New York Mercantile Exchange ("NYMEX"), which is the leading commodity exchange for trading of futures contracts and options contracts in energy products, metals and other commodities, and 50 unnamed floor brokers who are members of NYMEX but not its employees and who engage in actual trading on the exchange. Relevant to this appeal is Western Capital's allegation that NYMEX violated Section 25(b) of the CEA by failing to enforce its floor rules, which give NYMEX discretion to disallow transactions not made at the current market price on the exchange. According to plaintiff, defendant allowed hundreds of these transactions, which plaintiff called "outside trades," to take place "at premiums outside the current market price that differ so far from a consistent pricing model, and from other option orders executed contemporaneously by the NYMEX option floor brokers, as to be explainable only by a pattern of fraud by the NYMEX option floor brokers."

After dismissing plaintiff's first amended complaint in April 2000, the district court gave plaintiff leave to replead. Western Capital filed a second amended complaint, which defendant moved to dismiss. By a Memorandum and Order dated February 16, 2001, the district court granted the motion and dismissed the complaint in its entirety. Although the second amended complaint contained four causes of action, plaintiff on appeal only contests the dismissal of its cause of action under the CEA. We review *de novo* the district court's dismissal of a complaint pursuant to Rule 12(b)(6), accepting all factual allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor. *See Ganino v. Citizens Utils. Co.*, 228 F.3d 154, 161 (2d Cir.2000).

On appeal, Western Capital contends that its second amended complaint properly pleaded the element of bad faith that Section 25(b)(4) requires. Specifically, appellant claims that the district court ignored key allegations in its complaint and the import of its examples of 1600 outside trades. Western Capital also argues that the district court misapprehended our precedent by requiring appellant to plead knowledge of NYMEX's specific motive because general pleading of the absence of a proper regulatory motive is adequate, particularly in a case of the exchange's failure to act. Finally, Western Capital contends that the district court made improper determinations of fact. None of plaintiff's arguments has merit.

A cause of action pursuant to Section 25(b)(4) exists where an exchange fails to enforce its rules and the inaction causes loss to plaintiff. 7 U.S.C. § 25(b)(4); *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities Inc.*, 748 F.2d 774, 780 (2d Cir.1984). In order to avoid dismissal, however, plaintiff must plead that the exchange acted—or failed to act—in bad faith, which itself requires two allegations: "first, that the exchange acted or failed to act with knowledge; and second, that the exchange's action or inaction was the result of an ulterior motive." *Ryder*, 748 F.2d at 780 (citing *Sam Wong & Son, Inc. v. New York Mercantile Exch.*, 735 F.2d 653, 670–71 (2d Cir.1984)). Contrary to plaintiff's contention, a negligence stan-

dard governing the exchange's conduct is inconsistent with our case law. *See Ryder,* 748 F.2d at 780. With respect to the second aspect of bad faith, the alleged ulterior motive, such as self-interest, financial gain or personal animosity, must be a substantial or motivating factor in the exchange's action or inaction. *Sam Wong & Son,* 735 F.2d at 677. In certain cases, "when self-interest or other ulterior motive unrelated to proper regulatory concerns is alleged to constitute *the sole or the dominant reason* for the exchange action, a complaint is sufficient even though the action was not beyond the bounds of reason." *Id.* (emphasis added).

Plaintiff's complaint fails to adequately allege that NYMEX possessed an ulterior motive. On this point, the complaint states that defendant's conduct (1) "constitute[d] intentional acts of fraud and/or such reckless and irrational acts such as to constitute a bad faith abuse of discretion;" (2) was "the result of self-interest unrelated to proper regulatory concerns in that the officers and governing board members ultimately charged with enforcement of the applicable Floor Rules are or may be among the Doe Defendants and thus do not wish to enforce prohibitions that would limit their ability to conduct outside trades;" and (3) "lacks any legitimate basis." The first and third allegations parrot the law without providing any supporting factual allegations or even identifying an improper motive, and nowhere does plaintiff allege that an ulterior motive is the sole or dominant reason for NYMEX's inaction. The second allegation is inadequate because it merely speculates that NYMEX officers failed to act because of self interest. Moreover, the second allegation falls short because NYMEX officers enforcing floor rules are not floor traders according both to the complaint at Paragraph 7 and NYMEX rules, of which the district court took proper notice and which

the complaint incorporated by reference. *Brass v. American Film Tech., Inc.,* 987 F.2d 142, 150 (2d Cir.1993). Consequently, plaintiff failed to allege bad faith.

We have considered all of plaintiff-appellant's remaining arguments and find them to be without merit.